NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHINA SHIPPING (NORTH AMERICA) AGENCY CO., INC., : : : | |
| Plaintiff, : | Civil Action No. 08-2368 (JAG) |
| v. : | **OPINION** |
| LIGHTHOUSE TRUCKING, INC., et al., : | |
| Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), and/or improper venue, pursuant to FED. R. CIV. P. 12(b)(3), by defendants Lighthouse Trucking, Inc. ("Lighthouse Trucking"), Lighthouse Intermodal, LLC, Lighthouse Equipment and Storage, LLC, Sword Transportation, Inc. ("Sword Transportation"), Sword Logistics, Inc., M&K Company; M&K Transport, Michael Maas a/k/a Mike Maas a/k/a Michael Mass, and Patsy Jean Maas a/k/a Patsy Mass, a/k/a Patsy J. Howard Maas (hereinafter collectively referred to as "Defendants"). For the reasons set forth below, Defendants' motion seeking dismissal for lack of personal jurisdiction shall be granted. As a consequence, Defendants' motion to dismiss for improper venue shall be denied, as moot.

I.  **FACTS**

Plaintiff, China Shipping (North America) Agency Co. Inc. ("China Shipping"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 11 Phillips Parkway, Montvale, New Jersey. (Compl. at ¶ 4.)  Defendant Lighthouse Trucking is a corporation organized and existing under the laws of the state of Texas. (Id. at ¶ 5.)  Lighthouse Intermodal, LLC. is a limited liability company organized and existing under the laws of the state of Texas. (Id. at ¶ 6.)  Lighthouse Equipment & Storage Management, LLC f/k/a Lighthouse Equipment Storage Management, LLC is a limited liability company organized and existing under the laws of the State of Texas. (Id. at ¶ 7.)  Sword Transportation is a corporation organized and existing under the laws of the State of Texas. (Id. at ¶ 8.)  Sword Logistics, Inc. is a corporation organized and existing under the laws of the state of Texas. (Id. at ¶ 9.)  M&K Company is a business entity which held itself out as a corporation, authorized to do business in the State of Texas.  (Id. at ¶ 10.)  M&K Transport is a business entity which held itself out as a corporation, authorized to do business in the State of Texas. (Id. at  ¶ 11.) Defendants Michael Maas a/k/a Mike Maas a/k/a Michael Mass is an individual and resident of the State of Texas, who serves as a principal of the various defendant corporation(s)/limited liability companies named in the Complaint. (Id. at ¶ 12.)  Defendant Patsy Jean Maas a/k/a Patsy Mass a/k/a Patsy J. Howard Maas is an individual and resident of the State of Texas.  (Id. at ¶ 13.)

Plaintiff alleges that Defendants are engaged in the business of trucking and related services. (Id. at ¶ 34.)  The Lighthouse entities are operated by the same principals, Michael Maas and Patsy Maas. (Id. at ¶ 35.)  Plaintiff alleges that the Defendants have entered into

contracts with Plaintiff that require that fees be paid for accessorial and per diem rentals of trucking containers or chassis. (Id. at ¶ 38.) The contracts require that fees for trucking containers and/or chassis need to be undertaken by way of billing by the entities to their customers. (Id. at ¶ 39.)

Plaintiff alleges that on or about 2006, Plaintiff instituted an action against Lighthouse Trucking and Michael Maas a/k/a/ Mike Maas, in the County Court at Law, Dallas County, Texas. (Id. at ¶ 15.) In that complaint, Plaintiff alleges that Defendants Lighthouse Trucking and Mike Maas were in default on payments per diem and accessorial charges in excess of $468,600.00, incurred from December 2004 through November 2006. (Id. at ¶ 16.) A stipulation of settlement was agreed upon in the Texas lawsuit on June 5, 2007. (Id. at ¶ 17.) The stipulation required that Mr. Maas be removed from the litigation and the remaining defendant, Lighthouse Trucking agreed to make payments towards the settlement. (Id.) Lighthouse Trucking made payments, pursuant to the settlement agreement, for which it received a significant discount of the $468,600.00 (Id. at ¶ 18.)

Plaintiff also alleges that Lighthouse Trucking and its alter ego(s) and successor(s)-in-interest, named as Defendants in the instant Complaint, together with its principals, continued to incur charges and create new arrearages by failing to pay continuing per diem and accessorial charges, despite being under the constraint of a stipulation of settlement and the agreement governing the relationship between Plaintiff and Defendants. (Id. at ¶ 20.)

Plaintiff alleges that in March 2008, Defendants, specifically Lighthouse Trucking, defaulted on payments due and owing pursuant to the settlement agreement. (Id. at ¶¶ 21-22.) Defendants have failed to make payments due for March, April, and May of 2008 respectively.

(Id. at ¶ 22.)

Shortly before the Texas settlement agreement went into effect, Defendants "shifted their focus from "Lighthouse" to 'Sword'". (Id. at ¶ 23.) Plaintiff believes that Defendants changed company names in an intentional attempt to avoid making full and timely payments of the amounts due and owing pursuant to Defendants' contracts with Plaintiff. (Id. at ¶ 29.) Defendants created entities with names using variants of "Sword" to replace the "Lighthouse" entities and transfer the value of the Lighthouse entities to the Sword entities. (Id. at ¶ 23.) Sword Transportation, Inc. and/or Sword Logistics, Inc. are engaged in the same type of drayage[1] as the other corporate and non-corporate parties named in the Complaint. (Id. at ¶ 24.) The Sword entities are operated by the same principals and use the same business address with the same customer base. (Id.) The Sword entities took over the customers, the routes, and the payments from various customers from the various predecessor corporate and non-corporate entities. (Id. at ¶ 26.) Plaintiff states that the Sword entities, as successors in interest, following the settlement, undertook and failed to make payments for the new bills totaling $443, 955.00, above and beyond that contained in the Texas settlement. (Id. at ¶ 27.) Plaintiff also alleges that the Sword entities in their own name, failed to make a payment of an additional $198,261.00 for per diems and accessorial charges incurred between November of 2007 and March 2008. (Id. at ¶ 28.) Plaintiff has made demand for payment of the various amounts due, to no avail. (Id. at ¶ 31.)

---

[1] Drayage is the hauling of goods.

## II. STANDARD OF REVIEW

### A. Personal Jurisdiction

A federal court sitting in diversity must conduct a two-step analysis to ascertain whether personal jurisdiction exists. First, the court must look to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant. Second, the court must determine whether the exercise of jurisdiction violates the Due Process Clause of the Fourteenth Amendment. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Vetrotex Certaineed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150 (3d Cir. 1996). In this forum, the inquiry is collapsed into a single step, because New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, as defined under the Constitution of the United States. As such, federal law defines the parameters of this Court's in personam jurisdiction. See IMO Indus., Inc., 155 F.3d at 259.

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The plaintiff has the burden of proving that the defendant purposefully availed itself of the forum state. Burke v. Quartey, 969 F. Supp. 921, 924 (D.N.J. 1997).

Specific jurisdiction is invoked when a claim is related to or arises out of the defendant's contacts with the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1984). A court must first determine whether the defendant had the minimum contacts with the forum necessary for the defendant to have "reasonably anticipate[d] being haled into

5

court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (citations omitted). What constitutes minimum contacts varies with the "quality and nature of defendant's activity." Hanson, 357 U.S. at 253. In assessing the sufficiency of minimum contacts for personal jurisdiction, the court must focus on the "relationship among the defendant, the forum, and the litigation." Keeton v. Hustler, 465 U.S. 770, 775 (1984). Otherwise stated, there must be at least "a single deliberate contact" with the forum state that relates to the cause of action. United States Golf Ass'n v. United States Amateur Golf Ass'n, 690 F. Supp. 317, 320 (D.N.J. 1988). The unilateral acts of the plaintiff, however, will not amount to minimum contacts. Helicopteros Nacionales de Colombia, 466 U.S. at 414; Hansen, 257 U.S. at 253. The burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. See Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Assuming minimum contacts have been established, a court must then consider whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 476 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)); see also Pennzoil Prod. Co. v. Colelli & Assoc. Inc., 149 F.3d 197, 201 (3d Cir. 1998). For personal jurisdiction to comport with "fair play and substantial justice," it must be reasonable to require the defendant to defend the suit in the forum state. World-Wide Volkswagen, 444 U.S. at 292.

To determine reasonableness, a court considers the following factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in

furthering substantive social policies.  Id.  Only in "rare cases [do the] minimum requirements inherent in the concept of fair play and substantial justice . . . defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities."  Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County, 480 U.S. 102, 116 (1987) (Brennan, J., concurring) (quotations omitted); Pennzoil, 149 F.3d at 207.

      If the plaintiff cannot establish specific jurisdiction, a court may exercise general jurisdiction over the defendant if the defendant has maintained "continuous and systematic" contacts with the forum state.  Helicopteros Nacionales de Colombia, 466 U.S. at 416.  To establish general jurisdiction, the plaintiff "must show significantly more than mere minimum contacts" with the forum state.  Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  Moreover, the facts required to establish general jurisdiction must be "extensive and persuasive."  Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

      **B.**    <u>**Venue**</u>

      28 U.S.C. § 1391(a) provides that venue is proper in a district for an action based solely on diversity jurisdiction: 1) where any defendant resides, if all defendants reside in the same state; 2) where a substantial part of the events occurred that give rise to the claim; or, in the event that neither 1) nor 2) is proper, 3) where any defendant is subject to personal jurisdiction.  A defendant corporation is deemed to reside, for purposes of venue under 28 U.S.C. § 1391, in any judicial district in which the corporation is subject to personal jurisdiction at the time litigation is commenced.  28 U.S.C. § 1391(c).  The substantiality requirement of 28 U.S.C. § 1391(a)(2) is designed to protect the defendant from being "haled into a remote district having no real

relationship to the dispute" based on events having only a "tangential connection" with the forum.  Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

### III.  ANALYSIS

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state such that the court's exercise of jurisdiction comports with notions of "fair play and substantial justice."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

Applying the "minimum contacts" analysis, the establishment of personal jurisdiction over a nonresident defendant is based on a determination of whether the defendant has purposefully availed itself of the benefits and protections of the forum's state's laws by conducting activities within the forum state. See Asahi Metal Indus. Co. v. Superior Ct. of Cal., 480 U.S. 102, 109 (1987).  In order to measure minimum contacts, courts consider the following factors (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contact; (4) the interest of the forum state in providing a forum for its residents to resolve disputes; and (5) the convenience of the parties.  Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 819 (8th Cir. 1994).  Minimum contacts are not established unless the court finds that it has either specific or general jurisdiction over the defendant.  See Vetrotext Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150-51 (3d Cir. 1996).

#### A.     Specific jurisdiction

In order to establish specific jurisdiction, the non-resident defendant's contacts with the forum state must arise from or be directly related to the plaintiff's cause of action.  See

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. at 414 n.8. This Court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were purposefully directed to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. See id. at 414.

In the instant case, Defendants contend they have had no business dealings with Plaintiff in the State of New Jersey. (Aff. of Mike Maas at ¶¶ 4-11). None of the Plaintiff's causes of action arise from business dealings conducted in the state of New Jersey. (Id.) All of the business dealings between Plaintiff and Defendants occurred in the State of Texas, and on occasion in neighboring states. (Id.) Defendants Lighthouse Trucking and Sword Transportation used trucking containers owned by Plaintiff to haul cargo within the State of Texas. (Id.) Plaintiff only offers as evidence of minimum contacts the communications between Plaintiff, based in New Jersey, and the Defendants, based in Texas. "The numerous contacts by Plaintiff per se, its collection agency, and counsel, all from New Jersey, should be construed as sufficient "fair warning" to these defendants that they would be brought here, especially after their default on a prior settlement in a Texas matter." (Id.) Thus, none of the Defendants have engaged in activities purposefully directed to the state of New Jersey, and Plaintiff's causes of action do not arise out of, or relate to, activities of the Defendants within the state of New Jersey.

This Court's exercise of jurisdiction over the Defendants would offend traditional notions of fair play and substantial justice. See Int'l Shoe Co., 326 U.S. at 316. This Court's assumption of jurisdiction over the Defendants also would place a substantial burden on the Defendants. None of the Defendants reside or engage in any activity connected to the state of New Jersey. All of the defendants reside within the state of Texas and all of the transactions with Plaintiff

occurred in the state of Texas. (Aff. of Mike Maas ¶¶ 4-11.)   The interests of the forum state in adjudicating this matter are minimal, since only the Plaintiff resides in New Jersey.  Plaintiff also conducts business in the state of Texas, whereas none of the Defendants has any relationship to the state of New Jersey.  Plaintiff's suit would more easily be resolved in the state of Texas.

This Court lacks specific jurisdiction over the Defendants, because none of the events that give rise to Plaintiff's cause of action occurred in the state of New Jersey and Defendants have had no contact with the state of New Jersey.

### B. General Jurisdiction

General jurisdiction over a defendant is established when the defendant has engaged in "continuous and systematic" activities within the forum state. See Helicopertos Nacionales de Colombia, 466 U.S. at 414-16.  None of the Defendants has had contacts with the state of the New Jersey that could be characterized as "continuous and systematic."  (Aff. of Mike Maas ¶¶ 4-11.)  None of the business entities Defendants maintain a place of business in the state of New Jersey, or engage in any business dealings in New Jersey that would subject them to jurisdiction within the state. (Id.)  Since none of the Defendants have engaged in "continuous and systematic" activities in New Jersey, this Court cannot exercise general jurisdiction over the Defendants.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), shall be granted.  Defendant's motion to

dismiss, pursuant to FED. R. CIV. P. 12(b)(3), shall be denied, as moot.[2]

                                                               S/Joseph A. Greenaway, Jr.
                                                              JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: January 30, 2009

---

[2] Since this Court shall grant Defendants' motion to dismiss for lack of personal jurisdiction, it need not decide whether venue in this Court is proper. The motion to dismiss for improper venue is denied, as moot.